FILED
Charlotte
10/9/2025
U.S. District Court
Western District of N.C.

FOR THE UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Tiera Johnson<br>*Plaintiff*,<br><br>v.<br><br>Genesis Credit Management LLC<br>*Defendant*, | Case Number: 3:25-cv-780-MOC<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

## I. INTRODUCTION TO COMPLAINT

1. Plaintiff brings this action against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., arising from Defendant's continued debt collection communications after receiving written notice to cease, in violation of 15 U.S.C. § 1692c(c).

## II. VENUE AND JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper in this District as the Plaintiff resides in Charlotte, North Carolina, and the Defendant transacts and conducts business in this District.

## III. PARTIES IN THIS MATTER

3. Tiera Johnson (hereinafter "Plaintiff") is a natural person and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Genesis Credit Management is a Washington corporation. The Registered Agent is Corporation Service Company at 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608.

5. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and is engaged in the business of collecting consumer debts. Defendant also conducts business in North Carolina and attempts to collect consumer debts.

## IV. FACTUAL ALLEGATIONS

6. At a date better known by the defendant, Defendant started attempting to collect a consumer debt from the Plaintiff plaintiff through different means of communication.

7. Plaintiff noticed this account being furnished on her credit report & noticed the frequent debt collection attempts from the Defendant for an alleged $640.

8. On November 8, 2024, at 8:19 a.m., the Defendant received a USPS certified letter (tracking number 70223330000158973270) notifying them of the Plaintiffs's inability and refusal to pay the alleged debt.

9. Despite this notice, another letter was sent by the Defendant, dated November 13, 2024.

10. The Defendant issued a letter attempting to collect the same debt. This collection letter was created and dated five days after the Defendant's receipt of the certified refusal-to-pay notice.

11. Under 15 U.S.C § 1692c(c), if a consumer notifies a debt collector in writing that she refuses to pay a debt, the debt collector shall not communicate further with respect to the

debt. Despite Plaintiff's explicit letter refusal to pay the alleged debt, Defendant continued to contact Plaintiff regarding the alleged debt. The November 13th communication was in direct violation of 15 U.S.C. § 1692c(c).

12. Defendant's continued communications after receipt of Plaintiff's written refusal to pay were knowing, willful, and part of a pattern or practice of ignoring consumer rights under the FDCPA. This pattern demonstrates an intentional disregard for the law and the rights of the plaintiff, warranting the maximum statutory damages permitted under 15 U.S.C. § 1692k(a)(2)(A).

13. As a direct and traceable result of Defendant's unlawful conduct, Plaintiff has suffered actual damages, including but not limited to significant emotional distress, humiliation, anxiety, and mental anguish.

## V. CLAIM FOR RELIEF

*Violation of 15 U.S.C. § 1692c(c) – Failure to Cease Communication*

14. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

15. Defendant violated 15 U.S.C. § 1692c(c) by continuing to communicate with Plaintiff after receiving her written refusal to pay the alleged debt. Under the FDCPA, even a single prohibited communication after such notice constitutes a violation.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

1. Judgment for violations of the FDCPA;
2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
3. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
4. Prejudgment interest on all monetary awards;
5. That actual and statutory damages be awarded cumulatively, not in the alternative.
6. Such other and further relief as the Court may deem just and proper.

Respectfully submitted on October 6, 2025, by:

*T. Johnson*

Tiera Johnson
3021 Taylor Farms Pl, #8212
Charlotte NC 28262
Tierajohnson189@yahoo.com